******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

IN RE KADON M.*

(AC 42606)

Elgo, Moll and Devlin, Js.

*Syllabus*

The respondent mother appealed to this court from the judgment of the
trial court transferring guardianship of her minor child, K, to K's paternal
grandmother. After K had been adjudicated neglected, he was committed
to the custody of the petitioner, the Commissioner of Children and
Families. Thereafter, the petitioner filed a motion to open and modify
the dispositive order of protected supervision to transfer guardianship
to K's paternal grandmother. During the trial on the motion to open,
the trial court denied the oral motion of the court-appointed attorney
for K to appoint a guardian ad litem. On appeal, the mother claimed
that the trial court abused its discretion by denying that motion. *Held*
that the trial court did not abuse its discretion when it denied the oral
motion to appoint a guardian ad litem, as the court did not require the
input of a guardian ad litem in order to determine the best interests of
K; the decision to appoint a guardian ad litem was within the broad
discretion of the trial court, the court's denial of the motion to appoint
a guardian ad litem in no way precluded the respondent mother or the
attorney for K from presenting evidence for the court to weigh and
consider in conducting its best interests analysis, and the mother failed
to explain how the court's failure to appoint a guardian ad litem would
have affected the trial, as the record before the trial court was replete
with evidence to assist its determination of the best interests of K,
including evidence that the mother had not complied with the specific
steps ordered by the court and ample evidence to support the court's
finding that the paternal grandmother, who had played a major role in
K's life and was licensed as a foster parent to care for similar children,
was a suitable and worthy guardian.

Argued September 6—officially released October 21, 2019**

*Procedural History*

Petition by the Commissioner of Children and Families
to adjudicate the respondents' minor child
neglected, brought to the Superior Court in the judicial
district of Hartford, Juvenile Matters, where the court,
*C. Taylor, J.*, adjudicated the child neglected and
ordered a period of six months protective supervision
with custody vested in the respondent father; thereafter,
the court, *Dannehy, J.*, sustained an order of temporary
custody vesting custody of the minor child in the petitioner;
subsequently, the court *Dannehy, J.*, denied the
ex-parte motion of the attorney for the minor child
to appoint a guardian ad litem; thereafter, the court,
*Hoffman, J.*, denied the oral motion of the attorney for
the minor child to appoint a guardian ad litem and,
following a hearing, granted the motion filed by the
petitioner to open and modify the dispositive order of
protective supervision, and transferred guardianship of
the minor child to his paternal grandmother, and the
respondent mother appealed to this court. *Affirmed.*

*Stein M. Helmrich*, for the appellant (respondent
mother).

*Sara Nadim*, assistant attorney general, with whom,

on the brief, were *William Tong*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Kristen Wolf*, for the minor child.

*Opinion*

DEVLIN, J. The respondent mother[1] appeals from the judgment of the trial court transferring guardianship of her son, Kadon M., to his paternal grandmother. On appeal, the respondent claims that the trial court improperly denied the oral motion of the attorney for Kadon M. to appoint a guardian ad litem.[2] We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. Kadon M. is a seven year old child currently under the care of his paternal grandmother. On June 26, 2017, the petitioner, the Commissioner of Children and Families, filed a neglect petition on behalf of Kadon M. due to concerns regarding medical and physical neglect and the respondent's transiency. Following a trial, the court, *C. Taylor, J.*, determined that Kadon M. was neglected and ordered a period of six-month protective supervision with custody vested in Kadon M.'s father on March 5, 2018.

Subsequently, on June 8, 2018, Kadon M.'s father was incarcerated and, as a result, the petitioner initiated a ninety-six-hour hold on Kadon M. On that day, Kadon M. was placed with his paternal grandmother. A few days later, on June 12, 2018, the trial court, *Dannehy, J.*, issued an order of temporary custody, giving legal custody of Kadon M. to the petitioner.

Several months later, on December 13, 2018, the petitioner filed a motion to open and modify the dispositive order of protective supervision to a transfer of guardianship to Kadon M.'s paternal grandmother. No agreement was reached between the parties to transfer guardianship of Kadon M. and a trial was scheduled for January 7, 2019. On January 4, 2019, the Friday before the commencement of trial, the court-appointed attorney for Kadon M., Attorney Kristen Wolf, filed an ex parte motion for the appointment of a guardian ad litem. In the motion, Attorney Wolf asserted that a guardian ad litem "[was] necessary to protect and ensure that the best interests of the minor child, [Kadon M.], are being met." The court, *Dannehy, J.*, denied this motion and, in doing so, noted that it was improper to file a motion for a guardian ad litem on the eve of trial.

On January 7, 2019, a trial was held on the petitioner's motion to open and modify the dispositive order of protective supervision to a transfer of guardianship. Before evidence was presented, Attorney Wolf orally moved to appoint a guardian ad litem. At this time, Attorney Wolf explained that, during a meeting with Kadon M. on the Friday before trial, he told her that he preferred to be with his mother, rather than with his paternal grandmother and father. According to Attorney Wolf, this position represented a sudden change because Kadon M. had frequently and consistently asserted his preference to remain with his paternal

grandmother and father. Indeed, counsel for the petitioner stated that Kadon M., as recently as December 27, 2018, informed one of the petitioner's social workers that "he wished to remain with his grandmother." In response to this shift in opinion, Attorney Wolf explained: "I actually filed a motion for a guardian ad litem to investigate the reason for the change and also to investigate whether or not his change in position is in his best interest. . . . I've been meeting with him readily all along, that his position changed so drastically kind of at the last minute, and I'm not sure that I can adequately represent to the court—I can adequately represent his position to the court, but I can't adequately represent whether or not that's in his best interest." Nonetheless, despite these concerns, Attorney Wolf reaffirmed: "I know what my client wants, and I'm prepared to represent that. But if the court asks me whether or not that's in my client's best interest, I'm not sure that I can answer that question, which is why I would like the court to appoint a guardian ad litem to weigh in on that fact." The court, *Hoffman, J.*, denied the oral motion, stating that "the court can find what's [in the] best interest of the child," and the trial proceeded.

During trial, the court heard testimony regarding the caretaking qualifications of the respondent as compared with the paternal grandmother. The evidence indicated that although the respondent completed her therapy for intimate partner violence, she had not completed her court-ordered substance abuse and mental health treatment. Moreover, as the court later stressed, there was considerable testimony regarding an incident during which the respondent visited the daycare of Kadon M.'s half brother. Despite the fact that Kadon M.'s half brother was committed to the petitioner's custody and the respondent was not allowed to visit him unsupervised, she apparently collaborated with the father of Kadon M.'s half brother to enter through a locked back door and briefly visit her son. The court's concern here was compounded by the fact that, at the time of the daycare incident, the respondent was subject to a protective order prohibiting contact with the father of Kadon M.'s half brother. This order was issued in response to incidents of domestic violence and assault committed against the respondent by the father of Kadon M.'s half brother. The court also heard testimony of a strong and compassionate relationship between the paternal grandmother and Kadon M. Kadon M. has been raised by his paternal grandmother for most of his life and has told social workers that he feels happy and safe with his grandmother. Furthermore, Kadon M.'s paternal grandmother is a licensed foster parent who has previously cared for other children under the petitioner's custody.

After hearing testimony and argument, the court issued an oral decision on January 7, 2019. The court ruled that a transfer of guardianship to the paternal

grandmother was in the best interests of Kadon M. In support of its ruling, the court found that the relationship between the paternal grandmother and Kadon M. is extensive and bonded, and that the paternal grandmother is capable of meeting Kadon M.'s needs. In addition, the court found that neither the respondent nor Kadon M.'s father is currently a suitable guardian for Kadon M. In particular, the court expressed its concern that the respondent had not completed her substance abuse or mental health treatment. The court was also greatly concerned about the incident at the daycare. Accordingly, the court transferred guardianship of Kadon M. to his paternal grandmother. This appeal followed.

On appeal, the respondent argues that the court improperly denied Attorney Wolf's oral motion to appoint a guardian ad litem. We disagree.

We begin our analysis with the standard of review and applicable legal principles. The adjudication of a motion to transfer guardianship pursuant to General Statutes § 46b-129 (j) (2) requires a two step analysis. "[T]he court must first determine whether it would be in the best interest[s] of the child for guardianship to be transferred from the petitioner to the proposed guardian. . . . [Second] [t]he court must then find that the third party is a suitable and worthy guardian. . . . This principle is echoed in Practice Book § 35a-12A (d), which provides that the moving party has the burden of proof that the proposed guardian is suitable and worthy and that transfer of guardianship is in the best interests of the child." (Citation omitted; internal quotation marks omitted.) *In re Mindy F.*, 153 Conn. App. 786, 802, 105 A.3d 351 (2014), cert. denied, 315 Conn. 913, 106 A.3d 307 (2015).

During such proceedings, the trial court is required to appoint counsel to represent the minor child's interests pursuant to General Statutes § 46b-129a (2) (A). "The primary role of any counsel for the child shall be to advocate for the child in accordance with the Rules of Professional Conduct, except that if the child is incapable of expressing the child's wishes to the child's counsel because of age or other incapacity, the counsel for the child shall advocate for the best interests of the child." General Statutes § 46b-129a (2) (C). In addition, § 46b-129a (2) (D) provides in relevant part: "If the court, based on evidence before it, or counsel for the child, determines that the child cannot adequately act in his or her own best interests and the child's wishes, as determined by counsel, if followed, could lead to substantial physical, financial or other harm to the child unless protective action is taken, counsel may request and the court *may* order that a separate guardian ad litem be assigned for the child . . . . The guardian ad litem shall perform an independent investigation of the case and may present at any hearing information perti-

nent to the court's determination of the best interests of the child." (Emphasis added.)

Our Supreme Court has further expounded on the distinction between an attorney for a minor child and a guardian ad litem. Initially, the attorney for a minor child "serve[s] the dual roles of advocate and guardian ad litem for a child." *In re Christina M.*, 280 Conn. 474, 491, 908 A.2d 1073 (2006). Then, should a trial court later appoint a guardian ad litem as well, the court has defined the parameters of each representative's role. "Although there is often no bright line between the roles of a guardian ad litem and counsel for a minor child, the legal rights of a child may be distinct from the child's best interest. When the roles do overlap, 'it is only because, in such cases, the rights of a child and the child's best interest coincide. While the best interest of a child encompasses a catholic concern with the child's human needs regarding his or her psychological, emotional, and physical well-being, the representation of a child's legal interests requires vigilance over the child's legal rights. . . .' *In re Tayquon H.*, 76 Conn. App. 693, 706–707, 821 A.2d 796 (2003)." *In re Christina M.*, supra, 491–92. "Generally speaking, then, counsel bears responsibility for representing the legal interest of a child while a guardian ad litem must promote and protect the best interest of a child." Id., 492.

Previously, this court has noted that the determination of whether to appoint a guardian ad litem "is essentially a question of fact for the [trial] court. In addition to setting forth sufficient evidence to demonstrate [the need for a guardian ad litem], the [respondent] must also demonstrate [on appeal] that the alleged improper failure by the [trial] court to appoint a guardian ad litem affected the result of the trial." *In re Joseph L.*, 105 Conn. App. 515, 534, 939 A.2d 16, cert. denied, 287 Conn. 902, 947 A.2d 341, 342 (2008), citing *In re Brendan C.*, 89 Conn. App. 511, 521, 874 A.2d 826, cert. denied, 274 Conn. 917, 879 A.2d 893, cert. denied, 275 Conn. 910, 882 A.2d 669 (2005). In the time since *In re Joseph L.* and *In re Brendan C.* were decided, the General Assembly has amended the language of § 46b-129a. Prior to 2011, the statute contained mandatory language requiring that "[w]hen a conflict arises between the child's wishes or position and that which counsel for the child believes is in the best interest of the child, the court *shall* appoint another person as guardian ad litem for the child." (Emphasis added.) Public Act 2001, No. 01-148, § 1. The current statute no longer contains such mandatory language; instead, the current statute provides that the trial court *may* appoint a guardian ad litem. Public Acts 2011, No. 11-51, § 17. The present case is the first time since the statute was revised that we have been asked to review a trial court's determination of whether to appoint a guardian ad litem. Nonetheless, the revised permissive language of the statute reaffirms our prior holdings that the decision to appoint a

guardian ad litem is within the broad discretion of the trial court. See *In re Joseph L.*, supra, 534.

Accordingly, we consider whether the trial court abused its discretion in denying the oral motion to appoint a guardian ad litem.[3] "We have stated that when making the determination of what is in the best interest of the child, [t]he authority to exercise the judicial discretion under the circumstances revealed by the finding is not conferred upon this court, but upon the trial court, and . . . we are not privileged to usurp that authority or to substitute ourselves for the trial court. . . . A mere difference of opinion or judgment cannot justify our intervention. Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. . . . [G]reat weight is given to the judgment of the trial court because of [the court's] opportunity to observe the parties and the evidence. . . . [Appellate courts] are not in a position to second-guess the opinions of witnesses, professional or otherwise, nor the observations and conclusions of the [trial court] when they are based on reliable evidence." (Internal quotation marks omitted.) *In re Anthony A.*, 112 Conn. App. 643, 654, 963 A.2d 1057 (2009).

We agree with the trial court's assessment that it did not require the input of a guardian ad litem in order to determine the best interests of Kadon M. It is the province of the trial court to determine the best interests of the minor child, supported by evidence and testimony-—including other evidence of the child's wishes conveyed through counsel for a minor child—presented at trial. See *In re Mindy F.*, supra, 153 Conn. App. 802. Furthermore, the respondent has not demonstrated that the court's denial of the motion to appoint a guardian ad litem affected the result of the trial.[4] *In re Joseph L.*, supra, 105 Conn. App. 534.

The determination of the best interests of a child is an all-encompassing inquiry, in which the trial court considers a myriad of factors. This court has previously elaborated that "[a]lthough the term best interest is elusive to precise definition, one commission study aptly observed that the best interests of the child has been generally defined as a measure of a child's well-being, which includes his physical (and material) needs, his emotional (and psychological) needs, his intellectual and his moral needs." (Internal quotation marks omitted.) *In re Tayquon H.*, supra, 76 Conn. App. 704. Accordingly, the trial court may consider any number of factors that pertain to these considerations, such as the parents' rehabilitative status, the length of time that the child is in the temporary care of the state, the child's need for permanency, the proposed guardian's suitabil-

ity, and the child's bond with the proposed guardian. The court's denial of the motion to appoint a guardian ad litem in no way deprived the respondent or Attorney Wolf from presenting evidence of any of these factors for the court to weigh and consider in conducting its best interests analysis.

Moreover, the record before the trial court was replete with evidence to assist its determination of the best interests of Kadon M. The petitioner submitted substantial evidence indicating that the respondent had not complied with the specific steps ordered by the trial court. Specifically, there was evidence presented that the respondent had completed neither her substance abuse treatment nor her mental health treatment. While the respondent had completed therapy for intimate partner violence, there was also evidence that the therapy was not wholly successful because the respondent had continued contact with the perpetrator of the violence despite an outstanding protective order. Additionally, there was evidence that the respondent contravened the petitioner's custody order to visit Kadon M.'s half brother at school while she was subject to the petitioner's custody. At the same time, there was ample evidence presented to support the trial court's finding that the paternal grandmother was a suitable and worthy guardian. The evidence presented indicated that the grandmother has played a major role in Kadon M.'s life, has a meaningful relationship with Kadon M., and that Kadon M. is doing well under her care. Moreover, the paternal grandmother is licensed as a foster parent to care for similar children. Therefore, because the respondent failed to explain how the court's failure to appoint a guardian ad litem would have affected the trial, her claim fails.

Accordingly, we conclude that the trial court did not abuse its discretion in denying the motion to appoint a guardian ad litem.

The judgment is affirmed.

In this opinion the other judges concurred.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** October 21, 2019, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The petitioner, the Commissioner of Children and Families, instituted this transfer of guardianship proceeding in the interests of Kadon M., naming both mother and father as respondents. Only the mother has filed an appeal from the judgment of the trial court. For simplicity, all references to the respondent herein are to the mother.

[2] On September 6, 2019, the attorney for Kadon M., Attorney Kristen Wolf, filed an untimely statement with this court adopting the appellant's brief and joining the appellant in requesting this court to reverse the trial court's transfer of guardianship. See Practice Book § 67-13 (allowing counsel for minor child to file statement adopting brief of either appellant or appellee within ten days of filing of appellee's brief).

[3] The respondent has limited her claim on appeal to the court's denial of the oral motion for the appointment of a guardian ad litem.

[4] Both during trial and before this court, counsel for the respondent have argued that a guardian ad litem was necessary to prevent prejudice to the respondent. These arguments were premised on the proposition that once a transfer of guardianship to a family member is granted, it would be far more difficult for the respondent to reinstate guardianship because, in subsequent proceedings, there is no right to court-appointed counsel. During oral argument before this court, the respondent contended that a guardian ad litem would have supported commitment of Kadon M. to the petitioner's custody, rather than a transfer of guardianship to his paternal grandmother. This assertion specifically assumes that a guardian ad litem would have advocated that continued foster care is preferable to the more permanent disposition of a transfer of guardianship because, under commitment, the mother would continue to have court-appointed counsel. Besides amounting to sheer speculation, these arguments were duly made by counsel for the respondent and necessarily considered by the trial court. See *In re Brendan C.*, 89 Conn. App. 511, 529, 874 A.2d 826, cert. denied, 274 Conn. 917, 879 A.2d 893, cert. denied, 275 Conn. 910, 882 A.2d 669 (2005) (noting that father speculated guardian ad litem would have formulated an alternative to complete termination of parental rights while failing to address why trial counsel could not have presented such an alternative). There is no basis in the record or in the law for the claim that a guardian ad litem would have advanced this position nor would such an appointment have changed the result.